UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-81017-Civ-MATTHEWMAN

UNITED SPECIALTY INSURANCE COMPANY,

    Plaintiff,

vs.

RADIX BUILDERS LLC,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDING [DE 36]**

THIS CAUSE is before the Court upon Defendant's Motion to Stay Proceeding ("Motion"). [DE 36]. Plaintiff responded [DE 38], and Defendant replied [DE 39]. Being fully advised, the Court **ORDERS** as follows.

Plaintiff filed the instant lawsuit against Defendant seeking a declaration that it does not owe a duty to defend or indemnify Defendant in *Alejandro Florez v. Radix Builders, LLC, et al.*, Case No. 50-2020CA-009334, which is pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Underlying Action"). [DE 1 ¶ 1]. Plaintiff "is seeking a judgment that it does not owe a duty to defend or indemnify" based upon a theory that "Florez's injuries arose during the course of his employment for a subcontractor performing work at the Project." [DE 38; DE 1 ¶ 13]. By contrast, in the Underlying Action, Florez alleged that he "was present at the Property solely as a guest and/or onlooker, and did not intend to work for compensation or to volunteer his labor at the Property." [DE 38; DE 36-1 ¶ 10]. Plaintiff acknowledges that "the issue of whether or not Florez was an employee is a disputed issue in the [U]nderlying [A]ction." [DE 38].

Defendant now seeks to stay this proceeding pending the adjudication of the issue of whether Florez's injuries occurred during the course of his employment in the Underlying Action as Plaintiff's claim for Declaratory Judgment depends on such determination. [DE 36]. In essence, Defendant argues that this Court should stay the case at bar to avoid duplicative and inconsistent factual determinations that could arise from the trial of the same issues in federal and state court.

The Court agrees with Defendant that a stay of this instant case is warranted. *See, e.g.*, *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) ("The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned.").

As to Plaintiff seeking a declaration that it does not owe a duty to indemnify Defendant in the Underlying Action, this claim is not ripe for adjudication. *Am. Nat'l Fire Ins. Co. v. M/V Seaboard Victory*, No. 08-21811, 2009 WL 812024 at *1 (S.D. Fla. Mar. 17, 2009) ("It is well-settled ... that because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim. To that end, an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.") (internal citations, quotation marks & footnotes omitted); *Liberty Mut. Ins. Co. v. Mark Yacht Club on Brickell Bay, Inc.*, No. 09-20022-CIV, 2009 WL 10668946, at *2 (S.D. Fla. Apr. 24, 2009) ("As Defendants correctly note, were this Court to now consider the indemnification issue, the parties in the underlying suit would be prejudiced by the duplicative litigation they would have to conduct on identical issues in two different forums. Furthermore, deciding the indemnification issue now could inappropriately collaterally estop the determination of important factual issues in the underlying suit."). Accordingly, a stay is warranted as to the duty to indemnify pending a resolution

of liability in the Underlying Action. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Florida Crystals Corp.*, 14-81134-CIV, 2015 WL 11422288, at *1 (S.D. Fla. Aug. 5, 2015) ("Where a district court is faced with a claim calling for the premature adjudication of a duty to indemnify, a stay is warranted.") (citing *Woodruff & Sons, Inc. v. Cent. Mut. Ins. Co.,* No. 12-181, 2012 WL 695667 at *1–2 (M.D. Fla. Mar. 5, 2012)).

As to Plaintiff seeking a declaration that it does not owe a duty to defend Defendant in the Underlying Action, a stay is also warranted. "A court has the inherent authority to control its own docket and has particularly wide latitude when addressing cases brought under the Federal Declaratory Judgment Act." *Mid-Continent Cas. Co. v. Nassau Builders, Inc.*, 3:16-CV-921-J-34JRK, 2017 WL 1191383, at *5 (M.D. Fla. Mar. 31, 2017). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co*., 515 U.S. 277, 287 (1995). The Supreme Court has thus cautioned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am*., 316 U.S. 491, 495 (1942). In such a case, the district court should exercise its discretion to dismiss or stay the declaratory action in in light of pending state proceedings. *Wilton*, 515 U.S. at 286. The Court finds that the parties and issues in the instant case and the Underlying Action are sufficiently similar such that a stay of this proceeding is in the interest of judicial economy and uniformity. A stay also benefits both parties as it will promote the conservation of costs and resources. This is particularly true here, where the case is in its early stages, the previously issued pre-trial schedule has been terminated upon the parties' consent to the exercise of jurisdiction by the undersigned over all further proceedings in this case, and the parties do not have a pre-trial schedule or trial

date at this time. Accordingly, a stay is warranted as to the duty to defend, pending the adjudication of the discrete issue of whether Florez's injuries occurred during the course of his employment in the Underlying Action.

Based on the foregoing, the Court **ORDERS AND ADJUDGES** that

1. Defendant's Motion to Stay Proceeding [DE 36] is **GRANTED** as follows. Plaintiff's claim for Declaratory Judgment as to the duty to indemnify Defendant is **STAYED** pending the final decision in the Underlying Action; and Plaintiff's claim for Declaratory Judgment as to the duty to defend Defendant is **STAYED** pending the adjudication of the issue of whether Florez's injuries occurred during the course of his employment in the Underlying Action.

2. The parties shall file an appropriate notice with this Court within five (5) days of the adjudication of the issue of whether Florez's injuries occurred during the course of his employment in the Underlying Action. In addition, the parties shall file an appropriate notice with this Court within five (5) days of the adjudication of the issue of liability in the Underlying Action.

3. This case shall be **ADMINISTRATIVELY CLOSED,** and all pending motions **DENIED AS MOOT WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers this 15th day of November, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge